

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00157-CR

---

EDWARD JERMAINE BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2016-C-0040

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

On December 2, 2020, Edward Jermaine Bell pled guilty to unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a) (Supp.). The trial court sentenced Bell to eight years' imprisonment, suspended that sentence, and placed Bell on community supervision for eight years. The State moved to revoke Bell's community supervision, and Bell pled true to the State's single allegation for revocation. The trial court revoked Bell's community supervision and sentenced him to eight years' imprisonment. Bell appeals.

Bell's attorney filed a brief stating she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 7, 2024, counsel mailed copies of the following to Bell: (1) the *Anders* brief, (2) the motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Bell's signature and the date. Counsel also advised Bell that he had until February 22 to mail the motion for pro se access back to this Court. On March 5, 2024, this Court advised Bell that his pro se response to the *Anders* brief was due "on or before March 26, 2024." We received neither a pro se response from Bell nor a motion requesting an extension of time in

2

which to file such a response. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## I.     Time Payment Fee

We have also reviewed the certified bill of costs. There is a time payment fee assessed as follows: "If total court costs, reimbursement fees, and fines are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable statutes and related case law. (CCP § 102.030)." The Texas Court of Criminal Appeals concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution . . . owed." *Id.* at 133. We also modify the bill of costs by deleting the following: "If total court costs, reimbursement fees, and fines are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable statutes and related case law. (CCP § 102.030)." Further, based upon this reasoning, we also delete the additional "DC Time Payment Reimbursement Fee" of "15.00."

3

## II.    Fine Imposed

The judgment also provides for a fine of $1,000.00.  During the revocation hearing, however, the trial court dismissed the fine:  "And his court costs will be assessed as well.  I'll dismiss the fine, but not his court costs, attorney fees and/or restitution, if any, will be assessed."  "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."  *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  As a result, we also delete the $1,000.00 fine from both the judgment and the bill of costs.

In summary, we delete $15.00 in costs ($15.00 "DC Time Payment Reimbursement Fee"), which reduces the costs to a total of $645.00 in both the judgment and the bill of costs and delete the fine in the judgment and the bill of costs.  As modified, we affirm the trial court's judgment.[1]

Scott E. Stevens
Chief Justice

Date Submitted:    March 26, 2024
Date Decided:    April 16, 2024

Do Not Publish

---

[1] Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.